**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> PANTECH CO., LTD., <br> PANTECH WIRELESS, INC., <br> AT&T INC., <br> AT&T MOBILITY LLC, <br> VERIZON COMMUNICATIONS, INC., and <br> CELLCO PARTNERSHIP INC. D/B/A <br> VERIZON WIRELESS, <br><br> Defendants. | CIVIL ACTION NO. 6:13-cv-509 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against Pantech Co., Ltd.; Pantech Wireless, Inc.; AT&T Inc.; AT&T Mobility LLC; Verizon Communications, Inc.; and Cellco Partnership Inc. d/b/a Verizon Wireless (collectively, the "Defendants") for infringement of U.S. Patent No. 6,377,804 ("the '804 patent"), U.S. Patent No. 6,819,923 ("the '9923 patent"), U.S. Patent No. 7,215,962 ("the '962 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"), U.S. Patent No. 8,055,820 ("the '820 patent"), and U.S. Patent No. 7,218,923 ("the '8923 patent").

## THE PARTIES

1. Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2. On information and belief, Pantech Co., Ltd. is incorporated under the laws of South Korea with its principal place of business at Pantech R&D Center, I-2, DMC Sangam-dong Mapo-go, Seoul, South Korea. This Defendant may be served with process at its principal place of business at Pantech R&D Center, I-2, DMC Sangam-dong Mapo-go, Seoul, South Korea. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3. Pantech Wireless, Inc. (with Pantech Co., Ltd., "Pantech") is a Georgia corporation with its principal place of business in Atlanta, Georgia. This Defendant may be served with process through its agent, Kathleen Elizabeth Jones, 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4. AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

5. AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

6. Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its

agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

7. Cellco Partnership Inc. d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

11. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging

in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## **COUNT I**

(INFRINGEMENT OF U.S. PATENT NO. 6,377,804)

12. CCE incorporates paragraphs 1 through 11 herein by reference.

13. CCE is the assignee of the '804 patent, entitled "Mobile Communication Systems," with ownership of all substantial rights in the '804 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '804 patent is attached as Exhibit A.

14. The '804 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Defendants Pantech and AT&T have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '804 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 3, 4, 5, and 7 by, among other things, making, using, offering for sale, selling and/or importing Pantech mobile devices, including, for example: the Pantech Burst, the Pantech Discover, and the Pantech Flex, sold or otherwise distributed by or through AT&T (the "'804 AT&T Mobile Devices"). These devices are collectively referred to as the "'804 Pantech Devices."

16. Defendants directly infringe the '804 patent by using the '804 Pantech Devices to practice the claimed methods. Defendants are thereby liable for direct infringement. Additionally, Defendants are liable for indirect infringement of the '804 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '804 Pantech Devices to practice the claimed methods.

17. Each Defendant has had knowledge of the '804 patent, at least as early as service of this Complaint.

18. On information and belief, despite having knowledge of the '804 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the '804 Pantech Devices, including Defendants' customers, to use such devices in a manner that infringes the '804 patent, including at least claims 1, 3, 4, 5, and 7. Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '804 Pantech Devices — have and continue to actively induce infringement.

19. On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '804 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

20. On information and belief, Pantech and AT&T test, make, use, offer for sale, sell, and/or import the '804 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

21. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,819,923)

22. CCE incorporates paragraphs 1 through 11 herein by reference.

23. CCE is the assignee of the '9923 patent, entitled "Method for Communication of Neighbor Cell Information," with ownership of all substantial rights in the '9923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '9923 patent is attached as Exhibit B.

24. The '9923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

25. Defendants Pantech and AT&T have and continue to directly infringe one or more claims of the '9923 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 11, by, among other things, making, using, offering for sale, selling and/or importing Pantech mobile devices, including, for example: the Pantech Burst, the Pantech Discover, the Pantech Element Tablet, the Pantech Flex, the Pantech Breeze III, the Pantech Crossover, the Pantech Link II, the Pantech Pocket, the Pantech Pursuit II, the Pantech Renue, and the Pantech Swift, sold or otherwise distributed by or through AT&T (the "'9923 AT&T Mobile Devices"). These devices are collectively referred to as the "'9923 Pantech Devices."

26. Defendants directly infringe the apparatus claims of the '9923 patent by making, offering to sell, selling, and/or importing the '9923 Pantech Devices. Defendants are thereby liable for direct infringement.

27. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '9923 patent at least as early as April 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

28. On information and belief, despite having knowledge of the '9923 patent and knowledge that they are directly infringing one or more claims of the '9923 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '9923 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

29. On information and belief, Pantech and AT&T test, make, use, offer for sale, sell, and/or import '9923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

30. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,215,962)

31. CCE incorporates paragraphs 1 through 17 herein by reference.

32. CCE is the assignee of the '962 patent, entitled "Method for an Intersystem Connection Handover," with ownership of all substantial rights in the '962 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '962 patent is attached as Exhibit C.

33. The '962 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34. Defendants Pantech, AT&T, and Verizon have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '962 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 11, 12, and 13, by, among other things, making, using, offering for sale, selling and/or importing Pantech mobile devices, including, for example: the Pantech Burst, the Pantech Discover, the Pantech Element Tablet, the Pantech Flex, the Pantech Breeze III, the Pantech Crossover, the Pantech Link II, the Pantech Pocket, the Pantech Pursuit II, the Pantech Renue, and the Pantech Swift, sold or otherwise distributed by or through AT&T (the "'962 AT&T Mobile Devices"); and the Pantech Breakout, the Pantech Marauder, the Pantech Perception, the Pantech USB Modem UML290, and the Pantech USB Modem UML295, sold or otherwise distributed by or through Verizon (the "'962 Verizon Mobile Devices"). These devices are collectively referred to as the "'962 Pantech Devices."

35. Defendants directly infringe the apparatus claims of the '962 patent by making, offering to sell, selling, and/or importing the '962 Pantech Devices. Defendants also directly infringe the '962 patent by using the '962 Pantech Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

36. Additionally, Defendants are liable for indirect infringement of the '962 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '962 Pantech Devices to practice the claimed methods.

37. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '962 patent at least as early as December 2010, when it was disclosed to 3GPP via ETSI.

38. On information and belief, despite having knowledge of the '962 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire

8

and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '962 patent, including at least claims 1, 2, 11, 12, and 13. Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '962 Pantech Devices — have and continue to actively induce infringement.

39. On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '962 patent, are especially made and/or adapted for use in infringing the '962 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

40. On information and belief, despite having knowledge of the '962 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '962 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '962 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

41. On information and belief, Pantech and AT&T test, make, use, offer for sale, sell, and/or import the '962 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

42. On information and belief, Pantech and Verizon test, make, use, offer for sale, sell, and/or import the '962 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, Pantech and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

43. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

44. CCE incorporates paragraphs 1 through 11 herein by reference.

45. CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '174 patent is attached as Exhibit D.

46. The '174 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

47. Defendants Pantech and AT&T have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, by, among other things, making, using, offering for sale, selling and/or importing Pantech mobile devices, including, for example: the Pantech Burst, the Pantech Discover, the Pantech Element Tablet, the Pantech Flex, the Pantech Breeze III, the Pantech Crossover, the Pantech Link II, the Pantech Pocket, the Pantech Pursuit II, the Pantech Renue, and the Pantech Swift, sold or otherwise distributed by or through AT&T (the "'174

AT&T Mobile Devices"). These devices are collectively referred to as the "'174 Pantech Devices."

48. Defendants directly infringe the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 Pantech Devices. Defendants also directly infringe the '174 patent by using the '174 Pantech Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

49. Additionally, Defendants are liable for indirect infringement of the '174 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '174 Pantech Devices to practice the claimed methods.

50. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '174 patent at least as early as August 2010, when it was disclosed to 3GPP via ETSI.

51. On information and belief, despite having knowledge of the '174 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19. Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '174 Pantech Devices — have and continue to actively induce infringement.

52. On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '174 patent, are especially made and/or adapted for use in infringing the '174 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

53. On information and belief, despite having knowledge of the '174 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '174 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '174 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

54. On information and belief, Pantech and AT&T test, make, use, offer for sale, sell, and/or import the '174 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

55. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

56. CCE incorporates paragraphs 1 through 11 herein by reference.

57. CCE is the assignee of the '820 patent, entitled "Apparatus, System, and Method for Designating a Buffer Status Reporting Format Based on Detected Pre-Selected Buffer Conditions," with ownership of all substantial rights in the '820 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '820 patent is attached as Exhibit E.

58. The '820 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

59. Defendants Pantech, AT&T, and Verizon have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '820 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21, by, among other things, making, using, offering for sale, selling and/or importing Pantech mobile devices, including, for example: the Pantech Burst, the Pantech Discover, the Pantech Element Tablet, and the Pantech Flex, sold or otherwise distributed by or through AT&T (the "'820 AT&T Mobile Devices"); and the Pantech Breakout, the Pantech Marauder, the Pantech Perception, the Pantech USB Modem UML290, and the Pantech USB Modem UML295, sold or otherwise distributed by or through Verizon (the "'820 Verizon Mobile Devices"). These devices are collectively referred to as the "'820 Pantech Devices."

60. Defendants directly infringe the apparatus claims of the '820 patent by making, offering to sell, selling, and/or importing the '820 Pantech Devices. Defendants also directly infringe the '820 patent by using the '820 Pantech Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

61. Additionally, Defendants are liable for indirect infringement of the '820 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '820 Pantech Devices to practice the claimed methods.

62. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '820 patent at least as early as June 2009, when it was disclosed to 3GPP via ETSI.

63. On information and belief, despite having knowledge of the '820 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '820 patent, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21. Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '820 Pantech Devices — have and continue to actively induce infringement.

64. On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '820 patent, are especially made and/or adapted for use in infringing the '820 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

65. On information and belief, despite having knowledge of the '820 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '820 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '820 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

66. On information and belief, Pantech and AT&T test, make, use, offer for sale, sell, and/or import the '820 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

67. On information and belief, Pantech and Verizon test, make, use, offer for sale, sell, and/or import the '820 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

68. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI

(INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

69. CCE incorporates paragraphs 1 through 11 herein by reference.

70. CCE is the assignee of the '8923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '8923 patent is attached as Exhibit F.

71. The '8923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

72. Defendants Pantech, AT&T and Verizon have and continue to directly infringe one or more claims of the '8923 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 24 and 26, by, among other things, making, using, offering for sale, selling and/or importing Pantech mobile devices, including, for example: the Pantech Discover and the Pantech Flex, sold or otherwise distributed by or through AT&T (the "'8923 AT&T Mobile Devices"); and the Pantech Perception and the Pantech Marauder, sold or

otherwise distributed by or through Verizon (the "'8923 Verizon Mobile Devices"). These devices are collectively referred to as the "'8923 Pantech Devices."

73. Defendants directly infringe the apparatus claims of the '8923 patent by making, offering to sell, selling, and/or importing the '8923 Pantech Devices. Defendants are thereby liable for direct infringement.

74. On information and belief, Pantech and AT&T test, make, use, offer for sale, sell, and/or import '8923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

75. On information and belief, Pantech and Verizon test, make, use, offer for sale, sell, and/or import '8923 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Pantech and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

76. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

77. CCE incorporates paragraphs 1 through 76 herein by reference.

78. On information and belief, AT&T and Verizon have each purchased or otherwise acquired from Pantech certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I through VI (or some subset

thereof). Thus, for these Counts, the right to relief against AT&T and/or Verizon is asserted jointly and severally with Pantech.

79.     The alleged infringements set forth in Counts I through VI arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Pantech mobile devices made the subject of Counts I through VI.

80.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, Pantech mobile devices.

81.     Thus, joinder of Pantech, AT&T, and Verizon is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a.  Judgment that one or more claims of the '804, '9923, '962, '174, '820, and '8923 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b.  Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Defendants' infringements relative to the '9923, '962, '174, and/or '820 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f. That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: June 25, 2013**  Respectfully submitted,

<u>Edward R. Nelson, III by permission T. John Ward, Jr.</u>
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgarnder@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
Michael J. Fagan, Jr.
mfagan@nbclaw.net
Louisiana State Bar No. 33821
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC**